2002 ME 90

**STATE of Maine**

v.

**Michael CHASSE.**

Supreme Judicial Court of Maine.

Argued: April 3, 2002.
Decided: June 4, 2002.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty. (orally), Bangor, for State.

Barry L. Pretzel, (orally), Rockland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Michael Chasse appeals from the judgment of conviction entered in the Superior Court (Somerset County, *Atwood, J.*) after a jury trial on thirteen separate counts, including one count of escape (Class B), 17–A M.R.S.A. § 755(1) (1983 & Supp.2001).[1] Chasse contends that the escape statute, which specifies venue for the offense of escape, mandated that his trial be held in Piscataquis County, where his escape occurred, and that trial in Somerset County was error requiring all of his convictions to be vacated. We disagree and affirm the judgment.[2]

## I. BACKGROUND AND PROCEDURE

[¶ 2] Testimony at trial established that on the morning of November 6, 1998, in Dover–Foxcroft, Chasse was being taken from the Piscataquis County Jail, where he was in custody, to the Superior Court for a trial. Chasse threw soap powder, which he had hidden under his clothing, into the faces of the two officers who were escorting him. Chasse fled from the officers and broke into a nearby apartment where he obtained a knife. Back outside, he demanded the car keys of a passerby and was nearly apprehended by the officers he had earlier eluded. Instead, he cut the two officers with the knife and commandeered their pickup truck. Chasse drove to Sebec Lake where he entered at least two camps. Later that day, officers in a small motorboat approached Chasse, who was paddling across the lake in a canoe,

and they arrested him without further incident.

[¶ 3] A Piscataquis County grand jury indicted Chasse on charges of escape, pursuant to 17–A M.R.S.A. § 755(1), and other crimes stemming from the events of November 6. Chasse was arraigned on the charges in Piscataquis County. During a motion hearing in the Superior Court (Piscataquis County, *Marsano, J.*), the State requested that the court consider transferring the case to an adjoining county for reasons of sound judicial administration. Chasse objected, and the court declined to transfer the case.

[¶ 4] Subsequently, the court (*Mead, C.J.*) *sua sponte* ordered that the case be transferred to Knox County. The court found that the matter had become a *"cause célèbre"* in Piscataquis County, that many county residents were familiar with the case, and that the videotape of Chasse's initial break from custody had been repeatedly broadcast on television and covered extensively in newspaper accounts. As a result of these findings, the court concluded that "it is per se impossible for the Defendant to obtain a pool of jurors who have no knowledge (or opinion) of the facts of his case," and that a voir dire of a potential jury pool in Piscataquis County would be "an exercise in futility and needless expense of taxpayer dollars."

[¶ 5] At another motion hearing, Chasse orally revived the venue issue, but the court (Knox County, *Atwood, J.*) declined to transfer the case back to Piscataquis

---

1. The other counts included trafficking in prison contraband (Class C), 17–A M.R.S.A. § 757(1)(B) (1983 & Supp.2001); three counts of burglary (Class B), *id.* § 401(1); criminal threatening with a dangerous weapon (Class C), *id.* § 209 (1983); criminal threatening (Class D), *id.;* two counts of robbery (Class A), *id.* § 651 (1983 & Supp. 2001); two counts of aggravated assault (Class B), *id.* § 208(1)(B) (1983); and two

counts of assault on an officer (Class C), *id.* § 752–A(1)(A) (1983 & Supp.2001).

2. Chasse's other grounds on appeal, which concern the sentencing hearing and the sentence imposed on him, do not merit discussion. Chasse was sentenced to a total of fourteen years imprisonment on the various charges of which five years was imposed on the escape conviction.

County. Chasse then filed a motion to reconsider venue and claimed that the transfer to Knox County was improper because the pretrial publicity was insufficient to require a transfer and because the case had not been transferred to an adjoining county. The court (*Mead, C.J.*) granted the motion in part, ordering the case transferred to Somerset County. Chasse again moved for the return of venue to Piscataquis County, arguing that 17–A M.R.S.A. § 755(3–A) required that trial be held in the county where the escape occurred. The court (Somerset County, *Atwood, J.*) denied the motion. The trial was held in Somerset County, and the jury returned guilty verdicts on the escape charge and on all but two of the other counts.

## II. DISCUSSION

[¶ 6] In support of his claim of improper venue, Chasse first argues that the escape statute, by its own terms and notwithstanding the procedural rule governing venue, required that his trial be held in Piscataquis County. Secondly, he contends that the transfer of venue to Somerset County was an abuse of discretion.

■ [¶ 7] The escape statute, 17–A M.R.S.A. § 755(3–A),[3] is an anomaly in that it is one of the few statutes defining criminal offenses that contains its own venue provision. Generally speaking, venue of criminal offenses is governed by a procedural rule, M.R.Crim. P. 21. Pursuant to general rulemaking authority for procedures in criminal cases, 4 M.R.S.A. § 9 (1989), the Supreme Judicial Court promulgated Rule 21, which is entitled "Place of Trial." The Court also has specific rulemaking authority to provide that post-arraignment criminal proceedings in Superior Court "may be conducted at locations other than those provided by statute, provided that the location is in an adjoining county and that it is in the vicinity of where the offense was committed," 15 M.R.S.A. § 1(3) (Supp.2001). Pursuant to this authority, the Court promulgated M.R.Crim. P. 21(b)(3)(A):

> Upon the court's own motion, the court may, for purposes of sound judicial administration, transfer any proceeding to a location that is both in an adjoining county and in the vicinity of where the offense was committed.

Thus, the rule allowed the Superior Court to transfer Chasse's trial to Somerset County, a county adjoining Piscataquis County, "for purposes of sound judicial administration." The reason given by the court, namely, the likelihood that so many prospective jurors would have seen the

---

3. 17–A M.R.S.A. § 755(3–A) reads:

Prosecution for escape or attempted escape from any institution included in subsection 3 must be in the county in which the institution is located. Prosecution for escape or attempted escape of a person who has been transferred from one institution to another must be in the county in which the institution the person was either transferred from or transferred to is located. Prosecution for an escape or attempted escape for failure to return to official custody following temporary leave granted for a specific purpose or a limited period must be in the county in which the institution from which the leave was granted is located or in any county to which leave was granted. Prosecution for escape or attempted escape from intensive supervision must be in the county in which the escape or attempted escape occurred. Prosecution for escape or attempted escape from supervised community confinement must be in the county in which the institution from which the transfer to supervised community confinement was granted is located or in any county to which the transfer to supervised community confinement was granted. Notwithstanding other provisions of this section, in all cases of escape, prosecution may be in the county or division in which the person who has escaped was apprehended.

media coverage of the escape that it would be an exercise in futility to attempt to seat a jury, was sufficient to meet the "sound judicial administration" of Rule 21(b)(3)(A).

[¶ 8] Chasse argues that, notwithstanding Rule 21(b)(3)(A), the escape statute, 17–A M.R.S.A. § 755(3–A), required that his trial be held in Piscataquis County. We disagree. We interpret section 755(3–A) to require that the prosecution of a person for the offense of escape commence in the county where the institution from which the escape was made is located. Once the prosecution has commenced in that county, the place of trial can be transferred to another county upon motion of either the defendant or the State or upon the court's own motion. The escape statute does not prohibit the transfer of a case for trial when reasons of judicial administration require it and could not do so in contradiction to constitutional requirements.[4] Chasse's prosecution began with his indictment and arraignment in Piscataquis County. The venue provision of the escape statute was satisfied when the indictment and arraignment occurred in the county in which the escape took place and where Chasse was apprehended.

[¶ 9] Chasse also argues that even if the escape statute and Rule 21 permitted the transfer of the place of trial, the court abused its discretion in doing so. *State v. Sproul,* 544 A.2d 743, 746 (Me.1988). In the present case, the court was justified in concluding that the overwhelming publicity would make the selection of an impartial jury in Piscataquis County impossible and a needless expense. It did not exceed the bounds of its discretion in moving the trial to Somerset County.

The entry is:

Judgment affirmed.

---

4. Change of venue may be required as a matter of constitutional law where pretrial publicity is so extensive and pervasive that prejudice will be presumed. *State v. Chesnel,* 1999 ME 120, ¶¶ 5–6, 734 A.2d 1131, 1134.